[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
It is within the discretion of the trial court to decide whether to grant a motion to add a party to pending legal proceedings. Lettieri v. American Savings Bank, 182 Conn. 1, 13,437 A.2d 822 (1980). Factors that may be considered in determining CT Page 431 whether to grant the motion include the timeliness of the motion, the possibility of prejudice to the other party, and whether all interested parties will be present to enable the court to make a complete determination of the issues involved. Id.
General Statutes § 49-1 provides in pertinent part that: "[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure." Accordingly, the restrictions of § 49-1 make it "necessary to cite in as a defendant in the foreclosure action any person having an obligation to pay in connection with the underlying obligation." CBT RealtyVentures, XXII, Inc. v. Markoski, 8 Conn. L. RPTR. 317, 318 (1993,) Walsh, J., citing D. Caron, Connecticut Foreclosures, Sec. 9.05A (2d ed. 1989).
It is necessary to add Dominick Cingari, Rocco Cingari, Salvatore Cingari and Richard Uva as defendants in order to enable the court to make a complete determination of the issues involved in this action, and therefore, the plaintiff's motion to cite in is granted.